USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1-9-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PEEQ IMAGING, LLC.

                      Plaintiff,

        - against -

NATIONAL COMMUNICATIONS GROUP,

                      Defendant.
------------------------------------------------------------X

18 Civ. 8500 (RWL)

**ORDER AND JUDGMENT**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Peeq Imaging, LLC ("Plaintiff" or "Peeq") filed this action for account stated, goods sold and delivered, and quantum meruit against Defendant National Communications Group ("Defendant" or "NCG"). Presently before this Court is Plaintiff's motion for summary judgment, which seeks judgment in the amount of $147,363.01 plus $400 in court costs. (Dkt. 35). For the reasons that follow, Plaintiff's motion is GRANTED.

**Factual and Procedural Background[1]**

Peeq is a Maryland limited liability company with headquarters in Alexandria, Virginia. NCG is a New York corporation that provides printing and reprographic services such as banners and signs. (See Cockrell Decl., Exh. A, Statement of Account listing project names and numbers.) Peeq and NCG entered into a contract for Peeq to provide

---

[1] The facts are based on the pleadings (Dkt. 8, 16), the Declaration of Philip Cockrell filed November 12, 2019 (Dkt. 37) ("Cockrell Decl."), and prior proceedings and evidentiary filings in this action. Plaintiff did not file a statement of undisputed material facts as required by Local Rule 56.1. Although such omission can be cause alone for denying a motion for summary judgment, the Court exercises its discretion not to deny the instant motion on that basis. The material facts are few and can be readily discerned from the parties' filings.

graphics and marketing goods and services to NCG. (*Id.* ¶ 3 and Exh. A.) From August 2, 2017 through August 14, 2018, Peeq provided goods and services to NCG in the amount of $147,363.01. (*Id.* ¶ 4. and Exh. A.) NCG accepted Peeq's goods and services and at no time refuted the accuracy of Peeq's statement of account. (*Id.* ¶ 6.) NCG failed to pay Peeq the balance of its account stated in the total amount of $147,363.01. (*Id.* ¶¶ 5, 7.)

Peeq filed its Complaint on September 20, 2018. (Dkt. 8.) NCG answered on November 28, 2019. (Dkt. 16.) NCG did not respond to Peeq's discovery requests. (*See* Motion for Summary (Dkt. 35) at 1.) This matter was initially assigned to the Honorable Andrew L. Carter, U.S.D.J., and then referred to the undersigned for general pretrial management. (Dkt. 26.) On June 12, 2019, the parties consented to the jurisdiction of the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. 32.) Peeq filed the instant motion for summary judgment on November 12, 2019. (Dkt. 35.) NCG filed no response to the motion.

On November 19, 2019, NCG's counsel filed an application to withdraw as counsel based, in part, on non-payment of services rendered. (Dkt. 41.) NCG's counsel further explained that NCG, by its President, had provided "written directive to take no further action in defending this litigation based upon the fact that NCG is no longer an operating entity and there are no funds available to continue defending [this] litigation." (Affirmation of Melanie A. Fitzgerald in Support of Request to be Relieved as Counsel to Defend National Communications Group, dated Nov. 19, 2019 ("Fitzgerald Aff.") (Dkt. 41) at ¶¶ 4, 13.)

The Court entered an order granting NCG counsel's motion to withdraw on November 20, 2019. (Dkt. 43.) That order also admonished that "[b]ecause it is a business entity, Defendant cannot appear in this litigation without representation of counsel. Accordingly, by December 16, 2019, any new counsel for Defendant shall make an appearance in the case. In the absence of any such appearance, the Court will proceed to resolve the pending motion for summary judgment." (*Id.*) Despite timely service of the order (Dkt. 44), no counsel appeared for NCG, and NCG made no request for other relief.

### Legal Standard

A "[c]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court's task is not to resolve contested issues of fact, but rather to determine whether there exists any disputed issue of material fact. *Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54, 58 (2d Cir. 1987); *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987). "A fact is material when it might affect the outcome of the suit under governing law." *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 Fed. Appx. 97, 101 (2d Cir. 2011) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)) (internal quotations omitted). A dispute "is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"The moving party bears the initial burden of demonstrating 'the absence of a genuine issue of material fact.'" *F.D.I.C. v. Great American Insurance. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 323). Once this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* (citing *Anderson*, 477 U.S. at 249). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"All evidence submitted on the motion is to be construed in the manner most favorable to the nonmoving party." *Okin v. Village of Cornwall-On-Hudson Police Department*, 577 F.3d 415, 427 (2d Cir. 2009) (*quoting Horvath v. Westport Library Association*, 362 F.3d 147, 151 (2d Cir. 2004)) (internal quotations omitted). However, "[t]o defeat a summary judgment motion, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Great American Insurance Co.*, 607 F.3d at 292 (internal citations omitted) (first *quoting Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), then quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). While "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be

counted." *Anderson*, 477 U.S. at 248 (internal citations omitted); *see also Knight*, 804 F.2d at 11-12.

## Discussion

Peeq has established the absence of disputed issue of material fact and that it is entitled to summary judgment as a matter of law. NCG has not submitted any evidence to contradict the evidence advanced by Peeq and has declined to continue defending this action.

To prevail on a claim for account stated, a plaintiff must establish the following elements: "(1) an account was presented; (2) it was accepted as correct; and (3) [the] debtor promised to pay the amount stated." *Yiwu Lizhisha Accessories Co., Ltd. v. Jjamz, Inc.*, 336 F. Supp.3d 179, 183 (S.D.N.Y. 2018) (internal citations and quotations omitted) (brackets in original); *see also IMG Fragrance Brands, LLC v. CDO 2003-1 Limited*, 679 F. Supp.2d 395, 411 (S.D.N.Y. 2009).[2] "The second and third requirements (acceptance of the account as correct and a promise to pay the amount stated) may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time." *Yiwu*, 336 F. Supp.3d at 184 (quoting *IMG Fragrance Brands*, 679 F.Supp.2d at 411) (quoting *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999)).

Peeq has established each element of its account stated claim. NCG requested goods and services, which Peeq supplied. (Cockrell Decl. ¶¶ 3-4.) Peeq provided NCG with the corresponding statement of account in the amount of $147,363.01. (*Id.* ¶ 6) NCG

---

[2] Peeq cites New York law, and NCG (which has not submitted any opposition papers) has not disputed the application of New York law.

did not object to the statement of account, from which it is reasonable to imply that NCG accepted the statement as correct and agreed to pay it. (*Id.*) *See Yiwu*, 336 F. Supp.3d at 184; *IMG Fragrance Brands*, 679 F. Supp.2d at 411. NCG has not cited to any contrary evidence.

Peeq also has established each element of its claim for sale and delivery of goods, which requires a plaintiff to show that "(1) it had a contract with the buyer; (2) the buyer failed to pay the purchase price; and (3) the buyer accepted the goods." *H. Daya International Company, Ltd. v. Arazi*, 348 F. Supp.3d 304, 309 (S.D.N.Y. 2018) (quoting *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Manufactures. Inc.*, 952 F.Supp.2d 542, 571 (S.D.N.Y. 2013); *see also* N.Y. U.C.C. Law § 2-709(1)(a) ("When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price of goods accepted . . . .").

The evidence before the Court shows that Peeq had a contract with NCG to supply reprographic services and related goods (Cockrell Decl. ¶ 3); Peeq supplied goods and services in an amount of $147,363.01, which NCG failed to pay (*id.* ¶¶ 4-5 and Exh. A); Peeq accepted the goods and services (*id.* ¶ 6). Again, this evidence is unrefuted.

Finally, Peeq also has proven its right to recovery for quantum meruit. Quantum meruit requires the following elements: "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) reasonable value of the services." *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (internal citations and quotation omitted); *see also Liddle & Robinson, LLP v. Garrett*, 720 F. Supp.2d 417, 422 (S.D.N.Y. 2010) (listing same elements).

Here, Peeq performed reprographic services for NCG at NCG's request; NCG accepted those services; Peeq expected to be compensated; and the stated amount of those services $147,363.01. NCG has not pointed to any evidence that the amount charged by Peeq was unreasonable or any other contrary evidence.

In sum, Peeq has established its right to summary judgment under each of the three legal theories it has plead.

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED in its entirety. Judgment shall be entered against Defendant in the amount of (a) $147,363.01, (b) $400 in court costs,[3] and (c) post-judgment interest at the statutory rate. The Clerk is directed enter Judgment for Plaintiffs accordingly. The Clerk is further respectfully requested to terminate the instant motion at Dkt. 35 and to close the case.

SO ORDERED,

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2020
New York, New York

---

[3] As provided in Fed. R. Civ. P. 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *See also Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (awarding costs and noting that awarding costs "in favor of the prevailing party is the rule, not the exception, in civil litigation").

7